IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNA MULRYAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CAUSE NO. 1:19-cv-5018 |
| RICS SOFTWARE, INC., | ) ) ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES**

Plaintiff, Anna Mulryan, for her Complaint against Defendant, RICS Software, Inc., states the following:

**I. Parties**

1. Plaintiff is a resident of Indianapolis, Indiana.

2. Defendant is a corporation doing business in Marion County, Indiana.

**II. Jurisdiction and Venue**

3. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under the ADA and its amendments.

4. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendant's doing business in this District.

### III. Factual Allegations

5. Plaintiff began working for Defendant in October 2014.

6. On or about March 4, 2018, Plaintiff was admitted to Community North Hospital with an oxygen level of 52%.

7. On or about March 6, 2018, Plaintiff had surgery due to fluid buildup around her heart.

8. Plaintiff was diagnosed with right side heart failure, pulmonary hypertension and pneumonia.

9. On or about March 20, 2018, Plaintiff had a tracheostomy tube put into her lungs because her oxygen levels were still low.

10. Plaintiff was diagnosed with a chronic heart conditions.

11. Plaintiff's father contacted Defendant repeatedly while Plaintiff was in hospital relaying her condition, diagnosed and physical condition.

12. Defendant advised Plaintiff's father that Plaintiff would had a job at Defendant waiting for her once she was out of the hospital and she would be able to return to work.

13. Over the next few months, Plaintiff was placed on Short Term Disability.

14. Plaintiff also had another surgery to remove fluid around her heart.

15. Plaintiff was released from the hospital on or about May 8, 2018.

16. Once at home, Plaintiff had frequent doctor's appointments and a nurse and physical therapist coming to Plaintiff's house to help her transition back to normal life.

17. After several communications with Mark Brown (Chief Financial Officer and head of Human Resources for RICS Software) and Plaitniff's direct supervisor, Jimmy Richburg, it was agreed upon that Plaintiff would return to work on August 6, 2018 on "voice restriction."

18.     Due to her chronic heart condition, Plaintiff's doctor advised that she could only be on the phone thirty (30) minutes out of every eight (8) hours until December 1, 2018.

18.     Defendant through Mr. Brown and Mr. Richburg both agreed to this and advised Plaintiff that there was plenty of work to do aside from "voice work".

19.     Thus, Defendant was accommodating Plaintiff's disability pursuant to the the Americans with Disabilities Act as amended ("ADAAA").

20.     Plaintiff went back to work and began handling the ticketing system and responding to all support requests that were submitted electronically (e.g. other than via telephone).

21.     Plaintiff did an excellent job. In fact, in August of 2018 she had the most "answered requests" and most "solved tickets" of any member of the support team.

22.     Despite Plaintiffs' excellent work, on September 4, 2018, Mr. Brown pulled Plaintiff into his office and advised her that the restriction date her doctor put in place was no longer acceptable.

23.     Mr. Brown also advised that if Plaintiff could not return to work with no restrictions by September 7, 2018, that she would be terminated from her employment.

24.     Plaintiff advised Mr. Brown that she could not get into to see her doctor until September 11, 2018.

25.     Mr. Brown then advised that Plaintiff could have until September 11, 2018 to have the restriction removed or be terminated.

26.     However, Plaintiff's doctor would not provide the release from restrictions sought by Defendant.

27.     Rather effective September 17, 2018, Plaintiff's doctor said that Plaintiff could begin working on the phone for up to four (4) hours out of every eight (8) hours moving forward.

28. Defendant, through Mr. Brown advised her that this was not good enough.

29. Defendant terminated Plaintiff from her employment on September 11, 2018.

30. Defendant has violated the ADAAA by discriminating against Plaintiff due to her disability and her need for accommodations.

31. Defendant has violated the ADAAA by retaliating against Plaintiff for asking for continuing accommodations.

32. On March 8, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination due to disabilities and retaliation due to her need for continuing accommodate.

33. On September 30, 2019, the EEOC issued a Notice of Right to Sue to Plaintiff.

## Count I
## Violations of Title ADAAA

34. Plaintiff incorporates paragraphs 1 through 33 by reference herein.

35. Plaintiff was discriminated against by Defendant in violation of the ADA and its amendments.

36. Defendant retaliated against Plaintiff for continuing to need accommodation of her disability.

37. Plaintiff has been damaged by Defendant's conduct.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by ADAAA.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV. Jury Demand

38. Plaintiff incorporates paragraphs 1 through 37 by reference herein.

39. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Attorney for Plaintiff,
Anna Mulryan

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
E-mail: rweldy@weldylegal.com